Mr. Chief Justice Watkins delivered the opinion of the Court. This case is similar to that of William Barkman vs. The State, just decided, and must be reversed for the like reason. But some additional questions are presented on this record that require to be noticed. There being much evidence conducing to show, on the one hand, that draw pocre was but a species of pocre with some variations as to the rules of the game; and, on the other, that it was an entirely different game, the court properly told the jury that as it appeared from the evidence there is a variety of games of the same kind with some other name to distinguish each, if they thought the games were of the same class, they could find the defendant guilty; but if entirely different, not guilty. That players might change the rules of a game without changing the name, but if in common acceptation the game played is draw pocre, and it is used to distinguish an entirely different game from pocre, they ought to acquit. And there was sufficient evidence to authorize the jury in finding the game played to be pocre, as charged in the indictment, or a variety of it, without any substantial difference. This was a legitimate place for the application of the rule of construction given by the 13th section, as to changes in the name of games, or in the invention of new names or devices. (Drew vs. State, 5 Eng. 84. Brown vs. State, ib. 615.) But we have to suggest that, by inserting several counts in the indictment, varying the charge in each, this difficulty as to the name of the game, and perhaps also any doubt or uncertainty as to the names of the persons by whom it was played, might have been obviated. It appears that the defendant’s counsel moved for an instruction to the jury, which was refused because not asked for before the argument of the cause ; and that when the court, of its own motion, was about to instruct the jury, the defendant insisted that the court should reduce the charge to writing. This was refused, but if we understand the bill of exceptions correctly, the court dictated the charge intended to be given to the defendant’s counsel, who took it down in writing. This exception is taken under the 12th rule of practice adopted by this court, at the July term, 1848. On the motion for new trial, we could not consider that the defendant was prejudiced by the refusal to give his instruction, because asked for out of time, or for any other reason, inasmuch as, conceding it to be proper, the same matter was substantially gi^en in charge by the court of its own motion. And so, as the charge given was reduced to writing, though not by the hands of the judge, that part of the exception would seem to argue a captious disagreement, not affecting the merits of the case on trial. We presume the intention of the 12th rule referred to, in requiring all instructions given by the court of its own motion to be given in writing, if requested by either party, was to prevent any misconception or after misunderstanding, when the bill of exceptions came to be settled, as to their exact tenor and phrase,ology, which might often be quite material. It is to be regretted •that any real or supposed necessity should have existed for prescribing such a rule as this upon the circuit courts, which it is to be presumed every prudent judge would adopt in practice by keeping notes of his charge for his own protection against any imputation of error, and without any rule to make it obligatory that he should do so. B.ut while the rule remains in force, the injunction to obey it is strengthened by its obvious propriety. At the same time, it is to be observed that the rule referred to is directory merely, and not more imperative than similar statutory rules of practice in the due enforcement of which some discretion is necessarily confined to the circuit courts. The cause will be remanded, with instructions to grant a new trial.